# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Darnea Weddington, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| American Coradius International, LLC, a Delaware limited liability company, | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Darnea Weddington, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Darnea Weddington ("Weddington"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Conn's Home Furnishing/Conn Appliances, Inc. ("Conn").

4. Defendant, American Coradius International, LLC, ("ACI"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant ACI operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant ACI was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant ACI is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant ACI conducts business in Alabama.

**FACTUAL ALLEGATIONS**

6. In 2018, Ms. Weddington filed a Chapter 13 bankruptcy petition, and thereafter, on April 15, 2021, converted her bankruptcy into a Chapter 7, in a matter styled In re: Weddington, N.D.Ala.Bankr. No. 18-80343-CRJ7. Among the debts listed on Schedule D of Ms. Weddington's converted Bankruptcy Petition was a debt that she allegedly owed to Conn, see, excerpt of Schedule D, attached as Exhibit B.

7. Accordingly, on April 17, 2021, Conn was sent notice of the bankruptcy by the court, via U.S. Mail, see, the Certificate of Service to Conversion Notice and the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which are attached as Exhibit C.

8. Plaintiff's bankruptcy is also a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant sent Ms. Weddington a collection letter, dated July 29, 2021, demanding payment of the Conn debt she allegedly owed prior to the

bankruptcy. A copy of this collection letter is attached as Exhibit D.

    10.    In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

    11.    To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that the consumer has refused to pay, see, 15 U.S.C. § 1692(c)(c)

    12.    Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e.

    13.    Ms. Weddington had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's continued collection communications, after she had filed for bankruptcy, made Plaintiff believe that her exercise of her rights, through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Weddington's legally-protected right to be left alone, her right to privacy and her right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

14. Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether she would be discharged for this debt by filing bankruptcy, and whether she had the right to be left alone – all of which upset, emotionally distressed, outraged, and alarmed Ms. Weddington.

15. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

20. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

23. Here, the bankruptcy and the notice issued by that court (Exhibit C), provided notice to cease communications and cease collections. By communicating directly with Ms. Weddington regarding this debt and demanding payment (Exhibit D), despite her bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

24. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Darnea Weddington, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Weddington, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Darnea Weddington, demands trial by jury.

        Darnea Weddington,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

        By: /s/ Ronald C. Sykstus_____
        One of Plaintiff's Attorneys

Dated: August 19, 2021

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus  (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   && Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com